IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**March 24, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA W.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-325**     (Fam. Ct. Taylor Cnty. Case No. FC-46-2014-D-40)

**SPENCER W.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina W.[1] appeals two orders entered on July 17, 2024, by the Taylor County Family Court. The first order granted Respondent Spencer W.'s motion for reconsideration regarding his contempt sanction. The second order found that Tina W.'s motion to enforce an earlier order was moot. Spencer W. did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the party's arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.[3] For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Our Court has previously issued memorandum decisions in this divorce matter for Case Numbers 23-ICA-396, 23-ICA-490, 23-ICA-501, and 24-ICA-43. Thus, because those decisions contain detailed factual recitations, we will only briefly discuss the background facts of the case in this decision.

The parties were divorced by an agreed divorce order entered on January 13, 2015. In that order, Spencer W. was ordered to pay Tina W. $550,000 with 5% interest accruing per year for her share of equitable distribution. Spencer W. failed to comply with the

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Tina W. is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

parties' agreed divorce order. Thereafter, Tina W. filed her first of multiple petitions for contempt on March 26, 2015. After Spencer W.'s longstanding contempt, he allegedly owed more than $700,000, including interest, to Tina W. for her share of equitable distribution.

Spencer W. has consistently refused to comply with any of the family court's orders throughout the parties' lengthy litigation, which has led to Tina W. filing numerous pleadings concerning the same. Spencer W. has been incarcerated multiple times for his noncompliance and blatant contempt of the family court's orders.

Events leading to this appeal began with a January 25, 2024, order directing Spencer W. to report to the Tygart Valley Regional Jail every weekend from Friday at 8:00 p.m. until Sunday at 8:00 p.m., after he failed to comply with the court's original sanction of home confinement. In 24-ICA-43, Tina W. appealed the January 25, 2024, order alleging that the family court erred by modifying Spencer W.'s contempt sanction from home confinement to weekend incarceration based solely on his word that he had a new job working out of town, which prevented him from complying with the court's home-confinement sanction.[4] Tina W. now alleges on appeal that Spencer W. filed several motions for reconsideration of the January 25, 2024, order while it was on appeal to this Court. The record reflects that, by order entered on July 17, 2024, the family court ruled on at least one of Spencer W.'s motions for reconsideration and found that it was "not in either party's best interest that [Spencer W.] lose his employment." The family court also held that Spencer W. was permitted to work on weekends if it was required by his employer, and he was directed to provide proof to both the family court and to Tina W. of his work requirement. It is from the July 17, 2024, order that Tina W. now appeals.

Tina W. also appeals another order entered on July 17, 2024. Events leading to that order began when Tina W. filed a motion to enforce a final order entered on March 7, 2022, which found Spencer W. to be in continuous willful and contumacious contempt of multiple facets of Tina W.'s equitable distribution award. In its July 17, 2024, order, the family court held that her motion was "moot, unnecessary, and redundant as the Court is already enforcing the order of March 7, 2022."

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family

---

[4] In 24-ICA-43, we affirmed the family court's decision.

court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

In her first assignment of error, Tina W. asserts that the family court erroneously entertained and ruled on Spencer W.'s motion for reconsideration of its January 25, 2024, order modifying his contempt sanction while the order was on appeal to this Court. This argument lacks merit, as the issue is now moot. In 24-ICA-43, we affirmed the family court's decision to modify Spencer W.'s contempt sanction, ruling that, as the fact finder, the family court had the authority to make a credibility determination regarding Spencer W.'s employment situation. Additionally, Tina W. has failed to show how the family court's ruling on Spencer W.'s motion while the order was on appeal to this Court adversely affected her case. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Therefore, we affirm the family court on this assignment of error.

In her second assignment of error, Tina W. contends that the family court erred by ruling that Tina W.'s motion to enforce the March 7, 2022, order was moot. We disagree. Based on the appendix record submitted by Tina W., the family court is, in fact, in the process of enforcing the order. Therefore, the family court properly held that Tina W.'s motion was moot, and we affirm on this assignment of error.

Accordingly, we affirm the Taylor County Family Court's two July 17, 2024, orders.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White